Court of Common Pleas of Hamilton County.

## MCCARTHY V. MANTHEY, ET AL.

Decided February 19, 1932.

*John C. McCarthy,* for plaintiff.
*Julius R. Samuels,* for defendant.

MATTHEWS, J.

This cause came on to be heard by the court as an action for specific performance of a contract. There was evidence of a contract between the plaintiff and the defendant John E. Manthey, but the uncontradicted evidence was that, to the knowledge of the plaintiff, the title owned by said Manthey was subject to an inchoate right of dower of his wife, and the plaintiff had this knowledge from the time the contract was alleged to have been entered into. The court announced that it would deny the prayer for specific performance, and dismiss Thelma G. Manthey and Leo H. Beckman from the action but that the cause would be retained against John E. Manthey for the purpose of ascertainment of damages.

The case now comes before the court to settle the form of the entry to be made. It is the claim of counsel for John E. Manthey that inasmuch as the plaintiff's case, to her knowledge, had no element justifying a belief that she was entitled to equitable relief, that therefore, if the cause is to be retained, it must be without pre-judgment of any of the elements necessary to constitute a cause of action for legal relief.

It is also contended that the court should dismiss the

plaintiff's action as to all the defendants, and that the plaintiff then may exercise her discretion as to whether she will institute a new action at law for damages for breach of contract.

Counsel has cited the court to *Pomeroy's Specific Performance of Contracts*, 3rd Edition, Sections 475, 476 and 477. The same author, however, in Section 480, it seems to the court states the correct rule for application in a code state such as Ohio. That author in that section says upon the effect of the Code of Civil Procedure:

"While that procedure does not purport to make any change in legal and equitable rights, duties and remedies, or reliefs, it does abolish all distinctions between legal and equitable actions, and provides one civil action for the trial of all controversies in which legal and equitable causes of action and defenses may be united, and legal and equitable remedies may be granted by a single judgment. In other words, this procedure expressly and intentionally removes at one blow all the grounds and reasons upon which, under the ancient system, the rule was based which forbids the award of damages in equity suits. Independently of any authority, it would seem to be perfectly clear that the general rules which had been established as a part of the former procedure, had been materially modified by this sweeping reform."

The same author in *Pomeroy's Code Remedies*, 5th Edition, issued in 1929, more clearly states the correct procedure under the code. On page 16 he says:

"Thus it may be regarded as a settled rule, resulting from the statutory provision in question, that if a plaintiff has set forth facts constituting a cause of action entitling him to *some* relief, either legal or equitable, his action shall not be dismissed because he has misconceived the nature of his remedial right, and has asked for a legal remedy when it should have been equitable, or for an equitable remedy when it should have been legal."

Counsel for defendant cites the case of *Fisher Barkdull Farm Agency* v. *Creager*, 25 C. C. (N. S..) 95, as holding to the contrary. The language in that case, however, must be considered in the circumstances in which it was used. The case evidently was appealed from the Common

Pleas Court to the Court of Appeals. If the action had no equitable features it was non-appealable and an attempt to appeal it would not give the court jurisdiction to grant relief in the event it found, as it did find, that the appellant was not entitled to any equitable relief.

That there is such a jurisdictional limit on appeals to be recognized by the court *sua sponte* is stated in *State ex rel.,* v. *Prestien,* 93 O. S. 423, at 427, in this language:

"The mere fact that the case had been submitted upon its merits did not prevent that court from entertaining that motion, or for that matter, dismissing the case *sua sponte,* if upon consideration it reached the conclusion that it had no jurisdiction on appeal."

The case at bar is pending in the court of original jurisdiction with full authority to grant every remedy known to either law or chancery in a single action, and its jurisdiction has been legally and properly invoked. That fact distinguishes it from the case of *Farm Agency* v. *Creager, supra.*

In view of the fact, however, that all issues of fact in an action for the recovery of money only are triable to a jury, the court has reached the conclusion that this action should be retained as an action to recover damages for breach of contract without any pre-judgment of the court without a jury of any of the issues that have been or may be raised.

A judgment entry to that effect has been made, with exceptions reserved by the respective parties.